■ ICC, INTERNATIONAL CARGO CHARTERS, CANADA, LTD., et al., Respondents, v AEROTRANSPORTE DE CARGA UNION, S.A., DE C.V., Appellant. [821 NYS2d 79]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered April 27, 2005, which denied defendant's motion for summary judgment and granted plaintiffs' cross motion for summary judgment as to liability, unanimously affirmed, with costs.

The relevant agreements contained noncircumvention clauses prohibiting defendant air cargo service from soliciting the business of plaintiffs' customers for a prescribed period following termination. Although defendant does not dispute that it compelled plaintiffs' customers to contract with it within the prohibited period, thereby breaching the noncircumvention provisions, it argues that plaintiffs lacked standing to pursue these claims because certain aircraft were subsequently assigned to a third party, and in any event, the agreements were never intended to be binding.

The only affirmative defense advanced by defendant was that plaintiffs are foreign corporations not authorized to do business in New York. This is not the same as lack of standing, which was never pleaded as an affirmative defense (*see Charles Offset Co. v Hobart-McIntosh Paper Co.,* 192 AD2d 419 [1993]). In any

event, even assuming, as defendant maintains, that the standing objection may be invoked at any time, the assignments in question pertained to certain aircraft leases and not the agreements at issue here. Plaintiffs clearly remained the parties in interest under their agreements with defendants.

Moreover, there is no evidentiary support for defendant's contention that the detailed agreements, which were carefully negotiated between the parties and from which defendant certainly benefitted, are not enforceable.

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Marlow, Nardelli, Gonzalez and McGuire, JJ.